## Case No. 12,161.

RUSSELL v. PLACE et al.

[9 Blatchf. 173; 5 Fish. Pat. Cas. 134.] [1]

Circuit Court, N. D. New York. Oct. 10, 1871. [2]

PATENTS—NEW TRIAL — EXCESS OF VERDICT — INCREASE OF DAMAGES.

1. In an action at law for the infringement of letters patent, the jury found a verdict for the plaintiff, for $700 damages. On a motion by the defendant for a new trial, the court was of opinion that the evidence, tending to prove actual damages sustained by the plaintiff, did not warrant a verdict for a greater amount than $562-50: Held, the plaintiff might be allowed to remit the excess, instead of being required to submit to a new trial.

[Cited in Warren v. Robertson, Case No. 17,-198a.]

2. It appearing that the infringement was deliberate and intentional, and the plaintiff asking, under the statute, for an increase of the actual damages found, the court awarded judgment for $1,200 and costs.

[Cited in Burdett v. Estey, 3 Fed. 571.]

3. The defendant was allowed to require the plaintiff to first remit the amount of the excess of the verdict, or submit to a new trial, the order of the court thereupon to award the plaintiff judgment as aforesaid.

This was a motion by the defendants [Isaac V. Place and others] for a new trial, in an action at law, brought for the infringement of letters patent [No. 93,910, granted to Nathan C. Russell, August 17, 1869, reissued February 1, 1870, No. 3,816] for an invention connected with the treatment of bark-tanned skins, to make them suitable for the manufacture of gloves. At the trial the plaintiff had a verdict for $700. The plaintiff also moved to increase the amount of the verdict.

Horace E. Smith, for plaintiff.

Matthew Hale and James M. Dudley, for defendants.

WOODRUFF, Circuit Judge (after holding, that, on other grounds urged, a new trial ought not to be granted). The proof of damages sustained by the plaintiff did not, I think, justify so large a verdict. Although the action is, in form, tort, the verdict should be for actual damages only. Where the circumstances of the case make it just and proper, the court are authorized to award, in the judgment, not exceeding three times the actual damages found by the jury; and this furnishes ample opportunity to the plaintiff to obtain whatever greater sum the court may deem reasonable. But the duty of the jury was to find the actual damages, and the burthen was upon the plaintiff to establish those damages by proof.

Yielding full weight to the presumption, that, in a community where the improved leather was in great use and demand, the plaintiff would have realized the profit of preparing the skins, or an equal number of skins to those, which the infringing defendants prepared by the use of the invention, the case, on the proof, stands thus: Taking the testimony most favorably for the plaintiff, the profit he lost was $1 87½ on each dozen of skins. The defendants, in their estimate of the quantity they manufactured after the patent was re-issued, made not exceeding three hundred dozen. The plaintiff's loss, on this most favorable view of the evidence, did not exceed $562 50. I apprehend, however, that this does not necessarily require that a new trial should be granted. The plaintiff may, if he sees fit, remit the excess.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission.]

[2] [Affirmed in 94 U. S. 606.]

Besides this, where the court has power, and is called upon, to grant treble damages, this excess may be considered, and, in the discretion of the court, the error be fully corrected by such enhancement of damages as may seem just, to indemnify the plaintiff for the expenses of prosecution, especially where, as in this case, the infringement seems deliberate and intentional, though it may have been done under an erroneous estimate of the plaintiff's rights. The plaintiff seeks a reasonable increase of the sum found by the verdict; and I think it is a proper case for such an allowance. It is not reasonable that an inventor of a useful improvement should be compelled to spend his means in protecting himself without indemnity, and so practically lose the benefit of the invention which the law is designed to secure to him.

I am disposed to award judgment for $1,200 and costs of suit; but, if the defendants prefer that course, and that the record may conform to my views of the evidence, the plaintiff may first be required to remit the excess before mentioned, or submit to a new trial, and the order of the court thereupon will award him judgment as just stated.

[On appeal to the supreme court, the decree of this court was affirmed. 94 U. S. 606.]
[For other cases involving this patent, see Russell v. Klein, 19 Wall. (86 U. S.) 433: Russell v. Dodge, 93 U. S. 460; Russell v. Place, 94 U. S. 606.]